UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.                                                      Case No. 8:22-cv-2930-VMC-SPF

JOHN DOE subscriber assigned
IP address 67.9.129.102,

    Defendant.
_____/

## ORDER

    Before the Court is Defendant's Objection to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action Issued to John Doe Subscriber IP Address 67.9.129.102, An Individual; Motion to Quash Subpoena; And, in the Alternative, Motion for Protection and Leave to File Under Seal (Doc. 12). Plaintiff has filed a response in opposition to the Motion (Doc. 14). Upon review of the Motion and Plaintiff's response, the Court denies the Motion to Quash. Defendant's Alternative Motion for Protection and Leave to File Under Seal will be granted in part and denied in part.

## BACKGROUND

    Plaintiff Strike 3 Holdings, LLC ("Strike 3") initiated this action in December 2022, alleging copyright infringement against an unnamed defendant. (Doc. 1). According to Strike 3, it owns the rights to various adult films, which it distributes through websites and DVD (*Id.* at ¶¶ 2–3). To combat an ongoing problem with internet piracy, Strike 3 employs geolocating and infringement detection software to track the Internet Protocol ("IP") addresses that download and share the company's copyright-protected material (*Id.* at ¶¶ 9, 16). As a result

of its investigation, Strike 3 identified an IP address, 67.9.129.102, as one which unlawfully downloaded, copied, and distributed fifty-seven of Strike 3's protected works through the use of the internet and a peer-to-peer file sharing protocol known as BitTorrent (*Id.* at ¶¶ 4, 28–44). Strike 3 asserts, however, that its software only enables it to discern the IP address associated with this illicit conduct and that, to find out the actual name and address of the subscriber assigned to that IP address, it must look to the Internet Service Provider ("ISP") affiliated with the IP address (*Id.*)

In January 2023, Strike 3 moved for leave to engage in limited, expedited discovery with the Defendant's ISP, Charter Communications, Inc./Spectrum ("Spectrum"), in order to learn Defendant's identity (Doc. 10). In support of its motion, Strike 3 states that the sole mechanism for it to ascertain Defendant's true name and address is through Spectrum (*Id.*). In granting Strike 3's motion, the Court found that Strike 3 had established good cause to serve the subpoena on Spectrum (Doc. 11). Now, Defendant moves to quash the subpoena (Doc. 12).

## ANALYSIS

### A. Motion to Quash

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Information within this scope of discovery need not be admissible in evidence to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Thus, the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. *See Safranek by & through Safranek v. Wal-Mart Stores, Inc.*, No. 07-61533-CIV, 2010 WL 11505263, at *2 (S.D. Fla. June 1, 2010) (citations omitted).

Rule 45(d)(3)(A) provides, in part, that upon timely motion, the court must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3). *Indep. Mktg. Grp., Inc. v. Keen*, No. 3:11-cv-447-J-25MCR, 2012 WL 512948, at *2 (M.D. Fla. Feb. 16, 2012); *Malibu Media, LLC v. Doe*, No. 13 C 8484, 2014 WL 1228383, at *1 (N.D. Ill. Mar. 24, 2014) (citations omitted).

Here, Defendant cited no valid basis under Rule 45(d)(3) to quash the subpoena served upon the ISP. Instead, Defendant argues that the subpoena "is an attempt to invade privacy," and "a fishing expedition that constitutes undue harassment" (Doc. 12 at 3). Defendant then argues that the subpoena is improper because it will only reveal the subscriber, not the actual copyright infringer.

First, because Defendant is not the recipient of the subpoena, Defendant only has standing to challenge the subpoena if a "personal right or privilege" was at issue. *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citations omitted). Here, the Court granted Plaintiff leave to serve Defendant's ISP with a subpoena to obtain the name and address of Defendant (Doc. 11 at 2). Regardless of Defendant's allegations, an individual has no protected privacy interest in his or her name and address when there is an

allegation of copyright infringement. *See, e.g.*, *Platinum Props. Inv'r Network, Inc. v. Does 1-2*, No. 18-61907-CIV, 2018 WL 7825045, at *3 (S.D. Fla. Nov. 19, 2018) ("[C]ourts . . . make clear that an internet subscriber has no protected privacy interest in his or her identifying information when same is sought for the purpose of maintaining a[n] [intellectual property] infringement action.") (quoting *Plastic The Movie v. Doe*, No. 15-cv-21310, 2015 WL 5634625, at *4 (S.D. Fla. Sept. 24, 2015)); *Malibu Media, LLC v. Doe*, No. 8:14-cv-2351-T-36AEP, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015) (finding that the privacy interest asserted by the alleged downloader was not a sufficient basis to quash a subpoena seeking the alleged copyright infringer's name, address, phone number, and e-mail address) (citation omitted); *Malibu Media, LLC v. Does 1-14*, No. 1:12-cv-263, 2012 WL 6019259, at *4 (N.D. Ind. Dec. 3, 2012) ("[Doe's] argument that fulfilling the subpoena would invade his privacy and jeopardize his identity is insufficient to quash the subpoena as he has no expectation of privacy in the identifying information the subpoena seeks from the ISP."). Accordingly, Defendant's first argument is rejected.

Next, Defendant argues that the subpoena is improper because it will only reveal the subscriber, not the infringer. This argument also fails. As Strike 3 states in its Response, this improperly shifts the focus from whether a plaintiff can state a claim for relief to whether a plaintiff will ultimately be able to prove each fact alleged in the complaint. *See, e.g.*, *LHF Prods., Inc. v. Does 1-25*, No. 5:16-cv-27, 2016 WL 4126658, at *2 (W.D. Va. Aug. 2, 2016) ("To require [Plaintiff] to prove that the subscriber more likely than not is the infringer—that is, to meet its ultimate burden of proof—at the pleading stage would turn the civil litigation process on its head."); *see also Malibu Media, LLC v. Pelizzo*, 604 F. App'x 879, 881 (11th Cir. 2015) ("Malibu could not have been expected simply to take [the defendant's] word for the

4

fact that he had not infringed Malibu's copyrights, given the substantial evidence implicating [the defendant]."); *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1211 (D.C. Cir. 2020) ("But the mere possibility that an unnamed defendant may defeat a complaint at a later stage is not a legitimate basis to deny a Rule 26(d)(1) motion that otherwise satisfies Rule 26's discovery standards."); *Malibu Media, LLC v. Does 1-13*, No. 2:12-cv-177-FtM-29SPC, 2012 WL 12921321, at *1 (M.D. Fla. June 6, 2012) (stating that a "general denial of liability is not a basis for quashing a subpoena which would prevent the plaintiff from obtaining the putative Defendants' identifying information").

### B. Alternative Motion for Pseudonymous Protection and Leave to File Under Seal

Defendant next requests that, in the event the Court denies Defendant's Motion to Quash, the Court grant pseudonymous protection and permit Defendant to file under seal. Plaintiff consents to this requested relief. Moreover, the Court shares the concerns expressed by other courts regarding the methods being utilized by Plaintiff to bring hundreds of cases throughout the country against subscribers. *See Strike 3 Holdings, LLC v. Doe*, No. 6:19-cv-631-Orl-31DCI, 2019 WL 13064729, at *3 (M.D. Fla. Oct. 31, 2019). Particularly concerning is Plaintiff's prior admission that in approximately a third of the cases it brought it could not satisfy itself that the subscriber was, in fact, the infringer. *See Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 19 (E.D.N.Y. 2019).

Given the Court's concerns about the accuracy of Plaintiff's claim in the Complaint that the subscriber named as Defendant committed the alleged infringement, the Court will permit Defendant to proceed under a pseudonym for 90 days after service of the Complaint. *See Strike 3 Holdings, LLC*, 2019 WL 13064729, at *3. On or before the 90th day after service, if the case remains pending and Defendant wishes to continue to proceed under a pseudonym,

5

Defendant must file a motion in compliance with the Local Rules seeking leave to continue to proceed under a pseudonym. Defendant is cautioned that courts in this Circuit rarely permit parties to proceed anonymously. *See Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (stating that a party may proceed anonymously only in "exceptional cases"). Defendant's request to file under seal is denied. *See Strike 3 Holdings, LLC v. Doe*, No. 5:22-cv-307-JA-PRL, 2023 WL 113564, at *2 (M.D. Fla. Jan. 5, 2023) ("[E]mbarassment alone fails to amount to good cause or compelling justification to permit filing under seal."); *see also* L.R. 1.11, M.D. Fla. (listing the requirements for filing under seal in a civil action).

## CONCLUSION

Accordingly, for the reasons stated above, it is ORDERED:

(1) Defendant's Objection to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action Issued to John Doe Subscriber IP Address 67.9.129.102, An Individual; Motion to Quash Subpoena; And, in the Alternative, Motion for Protection and Leave to File Under Seal (Doc. 12) is GRANTED IN PART AND DENIED IN PART as follows:

  a. The Motion to Quash is DENIED;

  b. The Alternative Motion for Protection and Leave to File Under Seal is GRANTED IN PART to the extent that Defendant will be permitted to proceed under a pseudonym for 90 days after the service of the Complaint. On or before the 90th day after service, if the case remains pending and Defendant wishes to continue to proceed under a pseudonym, Defendant must file a motion in compliance with the Local

        Rules seeking leave to continue to proceed under a pseudonym;

  c. Defendant's request to file under seal is DENIED.

**ORDERED** in Tampa, Florida, on April 26, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE